REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
SEAN N. PAYNE, ESQ.
Nevada Bar No. 13216
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
rmastrangelo@rmcmlaw.com

SU-LYN COMBS, ESQ.
Nevada Bar No. 17058
TUCKER ELLIS, LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, California 90071
Phone (213) 430-3400
Fax (213) 430-3409
su-lyn.combs@tuckerellis.com

*Attorneys for Defendant*
*Otis Elevator Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YANNETH NUNEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>OTIS WORLDWIDE CORPORATION, d/b/a OTIS ELEVATOR COMPANY, a foreign corporation; DOES I-X, inclusive; ROE CORPORATIONS XI-XX, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-1025<br><br>**DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** |

**TO:     THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant"), through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-25-915606-C, to the United States District Court of Nevada in Las Vegas.

In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1.      On or about March 27, 2025, Plaintiff Yanneth Nunez ("Plaintiff"), filed a Complaint ("Complaint") in the civil action styled as *YANNETH NUNEZ, individually, v. OTIS WORLDWIDE CORPORATION, d/b/a OTIS ELEVATOR COMPANY, a foreign corporation; DOES I-X, inclusive; ROE CORPORATIONS XI-XX, inclusive*, in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-25-915606-C ("State Court Action").  True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal, namely the Summons and Complaint, Answer, Disclosure Statement Pursuant to NRCP 7.1, Demand for Jury Trial, and Request for Exemption from Arbitration in the State Court Action, are attached to the Declaration of Sean N. Payne, Esq. in support of this Notice of Removal ("Payne Decl.") as **Exhibits A-D** thereto, and incorporated herein by reference.

2.      The Complaint sets forth claims for relief as follows: (i) its "First Cause of Action" of "Strict Liability"; (ii) its "Second Cause of Action" of "Negligence". *See* Exh. A, Complaint, pp. 5-8.

3.      The Complaint alleges that on or around April 16, 2023, at the real property commonly referred to as The Cosmopolitan of Las Vegas, located at 3708 Las Vegas Boulevard South, Las Vegas, Clark County, Nevada (the "Subject Premises") "Plaintiff entered the Subject Elevator. At that time, the Subject Elevator fell to a lower floor, injuring Plaintiff."  Exh. A, Complaint, ¶ 19.  Plaintiff alleges that, "[a]s a direct and proximate result of the Subject Incident, Plaintiff suffered severe and permanent injuries."  Exh. A, Complaint, ¶ 20.

4.      Plaintiff contends, "As a direct and proximate result of the Subject Incident and her resulting injuries, Plaintiff, suffered damages including, but not limited to, past, present and future medical care, past, present and future pain and suffering and emotional distress, permanent disfigurement, loss of earnings and impairment to earning capacity, and past, present and future loss of enjoyment of life." Exh. A, Complaint, ¶¶ 21, 33 and 45. Plaintiff further contends that the alleged incident resulted in "injuries all or some of which conditions may be permanent and disabling in nature, aggregating to her general and compensatory damages in an amount in excess of Fifteen

Thousand Dollars ($15,000.00)" Exh. A, Complaint, ¶¶ 34 and 46.

5.    Defendant was served with the Summons and Complaint in the State Court Action on April 3, 2025.

6.    As specifically shown below, there is complete diversity between Plaintiff and Defendant.   28 U.S.C. § 1441; Exh. A, Complaint, ¶ 1; Payne Decl., ¶ 8.

7.    As specifically shown below, based on the allegations of the Complaint and Plaintiff's Request for Exemption from Arbitration, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint, pp. 5-9.

8.    The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b)(3), the Notice is filed within thirty (30) days of receipt by Defendant "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

### DIVERSITY OF CITIZENSHIP

9.    Plaintiff is a resident of Clark County, Nevada.  Exh. A, Complaint, 1.  Plaintiff is therefore a citizen of the State of Nevada for purposes of section 1332(c)(1).

10.    A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business."  28 U.S.C. § 1332(c)(1).

11.    Defendant Otis Elevator is incorporated in New Jersey and has its principal place of business in Connecticut.  Otis Worldwide Corporation is a publicly traded company incorporated in Delaware. Payne Decl., ¶ 8. Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12.    Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

13.    Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Nevada, Defendant is a citizen of New Jersey and

Connecticut only, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14.     Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15.     To satisfy the pleading standard for a removal, the notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).[1]

16.     "[A] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).

17.     Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

18.     The Ninth Circuit has uniformly held that since *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), its courts will not require defendants to risk sanctions for premature removal "until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

19.     Thus, there are two 30-day periods for removal:  "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable

---

[1] A District Court skeptical of a Defendant's amount in controversy allegation must give the parties an opportunity to present evidence relating to the allegation before deciding whether or not the amount in controversy is met. *See Dart*, 574 U.S. at 89.

on its face. *Harris, supra*, 425 F.3d 689, 694. Courts look to "the four corners of the initial pleading," such that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock" to begin. *Id*. at 695. The second thirty-day period applies when the initial pleading does not "affirmatively state" the grounds for removal and is triggered by a new paper that does so. *Id*. at 694-696.

20.    This removal is timely under 28 U.S.C. § 1446(b)(3) as detailed above, and particularly as Otis Elevator is filing this notice within 30 days of May 27, 2025, the date that Plaintiff filed a Request for Exemption from Arbitration. Payne Decl., ¶ 6, Ex. D ("Exemption".)

21.    Plaintiff alleges that she was passenger in the Subject Elevator when "the Subject Elevator fell to a lower floor, injuring Plaintiff." Exh. A, Complaint,  19. Plaintiff alleges she, "suffered severe and permanent injuries." Exh. A, Complaint, ¶ 20

22.    Plaintiff contends that the alleged incident resulted in "damages including, but not limited to, past, present and future medical care, past, present and future pain and suffering and emotional distress, permanent disfigurement, loss of earnings and impairment to earning capacity, and past, present and future loss of enjoyment of life." Exh. A, Complaint, ¶¶ 21, 33 and 45.

23.    Plaintiff separately alleges general and compensatory damages "in an amount in excess of Fifteen Thousand Dollars ($15,000.00)," and punitive damages "in excess of Fifteen Thousand Dollars ($15,000)" with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court. Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount." Exh. A, Complaint, ¶¶ 34 and 46; p. 8-9. Plaintiff separately seeks "damages for costs of past, present and future medical care and treatment and costs incidental thereto when the same have been fully ascertained." Plaintiff also separately seeks "damages for loss of earnings and diminished future earning capacity when the same have been fully ascertained." Exh. A, Complaint, p. 8-9.

24.    Plaintiff also seeks a separate award of reasonable attorneys' fees, costs of suit incurred herein, and interest. Exh. A, Complaint, p. 8-9.

25.    On March 27, 2025, Plaintiff filed a Request for Exemption from Arbitration, which

includes details regarding the nature and extent of her alleged injuries. Ex. D, Exemption. According to the Exemption, Plaintiff underwent a "left shoulder type 2 superior labral repair," and more recently, on or about January 28, 2025, she underwent surgery on her neck followed by a referral to resume physical therapy. *Id.* at p. 3.  These two surgical procedures, both involving significant orthopedic and spinal treatment, reasonably place the amount in controversy in excess of $75,000, exclusive of any additional claims for pain and suffering, future medical expenses, or other damages.

26.    Based on the allegations in the Complaint, Exemption, and the scope and alleged severity of Plaintiff's injuries-including surgical procedures to her shoulder and neck-Plaintiff seeks recovery for general damages, special damages, punitive damages, past and future medical expenses, lost wages, loss of future earnings, and attorney's fees and costs. Taken together, the nature of these claims and the extent and severity of the alleged injuries support a finding that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

27.    Plaintiff's allegations and requests for damages against Defendant establish that she is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a); § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); Sanchez v. Monument Life Ins. Co., 102 F.3d 398, 403-404 (9th Cir. 1996).

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

28.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25.    Under 28 U.S.C. § 1446(b)(2)(A), only Defendants that have been properly joined and served must join in or consent to the removal of the action.  Here, Otis Elevator is the only properly joined and served Defendant.  See Payne Decl., ¶¶ 7-9. Otis Worldwide Corporation d/b/a Otis Elevator Company was incorrectly named as defendant. Otis Worldwide Corporation did not maintain or install the subject elevator, or otherwise conduct business in Nevada. Still, in an abundance of caution, Otis Worldwide Corporation consents to the removal of the action.

26.    The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

27.    The above-captioned Court is the proper District Court for removal because the State

Court Action is pending within the District of Nevada.

28.     If any questions arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

29.     If Plaintiff seeks remand under the premise that her injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that she would not seek to recover any judgment against Defendant in this matter in excess of $75,000.00.

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED this 11th day of June, 2025.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

*/s/ Sean N. Payne*

Rebecca L. Mastrangelo, Esq.
Nevada Bar No. 5417
Sean N. Payne, Esq.
Nevada Bar No. 13216
700 South Third Street
Las Vegas, Nevada 89101
*Attorneys for Defendant*
*Otis Elevator Company*

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of June, 2025, the foregoing was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

Brian E. Lunt, Esq.
Nevada Bar No. 11189
ED BERNSTEIN INJURY LAWYERS
10801 W. Charleston Blvd., Suite 520
Las Vegas, Nevada 89135
Telephone: (702) 471-5624
Facsimile: (702) 385-4640
Blunt@edbernstein.com
Agomez@edbernstein.com
*Attorneys for Plaintiff*

*/s/ Rebecca Mecham*

An Employee of
Rogers, Mastrangelo, Carvalho & Mitchell